Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from the superior court of chancery. The bill states that Daniel Grafton, Jr., the ancestor of both parties, died in the county of Adams, about the year 1802, leaving a tract of five or six hundred acres of land, to descend to his children, six in number; and that the heirs, being all of full age, divided the lands, and each took possession of his portion, in severalty. It alleges the death of John B. Grafton, in 1814, and that the complainants, the appellees, are his heirs at law. It also alleges that the appellant, James Grafton, pretending that he had purchased the share of John B. Grafton, and being, at the same time, administrator of his estate, which he represented to be insolvent, sold the land in 1817, for $1200, to one Anthony Campbell, and that Campbell and those claiming under him, have been in possession ever since. States further, that the complainants were very young at the death of their ancestor; that a general impression prevailed, that his estate was insolvent, and that no investigation of its condition took place, until they arrived at maturity, a few years ago; states that they are willing to confirm the sale, and prays a decree against James Grafton, for the purchase-money, and interest.
The answer admits the death of Daniel Grafton, Jr., and the division of his lands, and that each of the heirs took possession of his share in severalty; and admits the death of John B. Grafton, in August, 1814. States that John B. Grafton sold his share to defendant, in the beginning of the year 1812, and that the purchase-money was paid him in full. States also, that he took, a memorandum in writing of the sale, which has been *89 lost, or mislaid; that he took possession of the land, and retained it quietly up to the time of his sale to Campbell, and that no claim was ever afterwards set up, by John B. Grafton. Admits he administered on the estate in 1814, states it was insolvent, and paid only about fifty-six cents in the dollar. States that many of the creditors were the relatives and friends of John B. Grafton, resided in the neighborhood, and were so well satisfied that defendant had bought the land, that no one attempted to subject it to John B. Grafton’s debts. States complainants have been of age, respectively, five and seven years. Insists that the possession has been adverse since 1812, and insists on the statute of limitations as a defence.
Several depositions were taken, which show that in 1813, John B. Grafton lived in Louisiana, on the Mississippi river ; and that he sold his land there, and left his residence, in consequence of high water. That he then moved to the place on which he died, which had been bought by his father-in-law, who retained the title in himself, because of the embarrassments of John B. Grafton. There was also evidence that James Grafton was in possession of the land before the death of John B. Grafton; and that it was the understanding that James held it under a claim of title as a purchaser from John B. Grafton. There was also proof that John B. Grafton spent a short time at the house of James, after he left the river. The court below decreed in favor of the complainants, from which an appeal is taken to this'court.
The effect of the statute of limitations is the only point which need be considered in the cause. That statute is entitled to the same respect and influence with any other. It was enacted as a protection against claims of long standing, when the evidence of title or of discharge might be lost. 8 Cranch, 74; Ang. on Lim. 28. If the repose of society be the ultimate object of all law and all government, then statutes, which have for their especial aim that end, ought to be regarded as entitled to their full and legitimate weight, and to receive a fair exposition.
If the possession of the appellant commenced in the lifetime of John B. Grafton, and if it was adverse in its character, then *90 the lapse of time before the filing of this bill, ought to protect him. There is no absolute, unvarying rule, as to what will constitute an adverse possession. It must always depend in a great degree upon the circumstances of each case; and is a question of fact, rather than of law. Teller v. Echhert, 4 How. S. C. Rep. 289. Some rules have been laid down to aid in the determination of the question, but they are mere auxiliaries. Of this character are the rules, that the possession must hot be held by violence, that it must not be secret or dubious in its nature, and that it must be under claim or color of title. But after all, the facts of each case must determine with what intention the possession was taken. Ang. on Lim. 72, 88.
From the evidence in this cause we come to the conclusion, that the possession of James Grafton commenced in the lifetime of John B., and was known to him. The evidence that it was the general understanding in the neighborhood that James held as a purchaser, and that this was especially the case in the family of the Graftons, and in that into which John B. Grafton married, may be, and indeed is no evidence of title ; but it is evidence that his possession was notorious, and evidence also of the character of that possession. The creditors of the deceased, who received but little more than half the amount of their claims on the estate,-made no attempt to subject this land, though some of them lived in the immediate neighborhood of the transaction, at a time when it was of recent date. These circumstances, combined, satisfy our minds, that the possession was adverse in its commencement, and so continued. There are no indicia of any trust, especially of those pure, continuing, technical trusts, which alone are protected from the operation of the statute.
It is not necessary, in this case, to determine how far color of title is requisite to protect the possession of the defendant. There is no doubt, that the possession of a mere intruder, is protected to the extent of his actual occupation; whilst one who has color of title, is protected to the extent of the limits of his title. Ang. on Lim. 428. The bill, answer, and proof, in this case, all show that James Grafton was in possession of *91 the share of John B. Grafton, by which we understand the whole share. How far color of title is necessary under our statute, we therefore need not now decide.
On the whole, therefore, we think the decree is erroneous, and direct that it be reversed, and the bill dismissed, with the costs of both courts.
Decree reversed.